### JESS McCRIMMON v. THE STATE.

#### No. 3933.   Decided December 18, 1907.

**1.—Carrying Pistol—Continuance—Diligence—Second Application.**

Where for trial of unlawfully carrying a pistol, the motion for continuance was the second application, the diligence for obtaining process for witnesses is more strictly construed than in the first application; and where diligence was totally wanting the application was correctly overruled.

**2.—Same—Bill of Exceptions—Qualification by Judge—Practice on Appeal.**

Where upon appeal from a conviction of unlawfully carrying a pistol it was somewhat doubtful whether defendant's motion for continuance was the first or second application, the qualification of the judge to defendant's bill of exceptions stating that the motion was the second application, controlled the statement in the main portion of the bill that it was the first application. .

Appeal from the County Court of Cherokee. Tried below before the Hon. R. L. Robinson.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Bennett B. Perkins,* for appellant.—On question of diligence: Buie v. State, 1 Texas Crim. App., 456; Mapes v. State, 14 Texas Crim. App., 134; DeWarren v. State, 29 Texas Crim. App., 473.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a conviction for unlawfully carrying a pistol. Appellant applied for a continuance on account of the absence of three witnesses, which was refused by the court. This was the second application for a continuance. The case was set for trial on October 14th for October 28th. On said last date, the ·case was again set over to the afternoon of the 29th, and when that time was reached it was reset for October 30th. The witnesses Gregory, Crews and Clemmie Muse were neither present on the 28th nor 29th, which was known to appellant and his counsel. They asked for no process to compel their attendance and made no effort to secure such attendance. The parties lived within from six to fourteen miles of the courthouse. No application for attachment for any of the witnesses was asked at any time. At the time of trial it is stated Muse, a woman, was on account of recent birth of a child, unable to attend court. The testimony of McGee, introduced during the trial, was that he was near appellant and

had better opportunity to see appellant at the time he should have had the pistol, than either Gregory or Crews, and their testimony was simply cumulative and circumstantial. The witness Muse was not present at the time appellant should have had the pistol.

It was expected to prove by the absent witness Muse, that she was living in the same house with appellant and that he had but one pistol, and she saw it in his room on the morning it was claimed by the State that he had the pistol with him. By Gregory and Crews it was expected to be shown that they were with appellant several hours before Bothwell, the State's witness, claims to have seen defendant with a pistol and that he was without a coat and had on a small vest, unbuttoned; that he had been helping them to rope and drive cattle for several hours before the time when the State's witness claims to have seen the pistol on defendant. The State's witness is positive that appellant had the pistol so far as the evidence of witness Bothwell is concerned.

McGee was close by but could not tell whether appellant had a pistol or not, for he was so standing that a horse was between them, but McGee testified when the difficulty came up between Bothwell and appellant, Bothwell made a remark to the effect that appellant had a pistol and Bothwell, on account of said pistol, desisted from further difficulty with him. This, as before stated, is the second application, and the testimony sought of Gregory and Crews as well as Muse is cumulative. The diligence for obtaining process for the presence of the witnesses is much more strict than that under an application for the first continuance. The diligence, as we understand this record, is totally wanting. We are, therefore, of opinion that the court did not err in refusing to continue the case. The remaining two grounds of the motion for a new trial attack the sufficiency of the evidence to support the conviction. Bothwell's testimony makes the case; he testifies to seeing the pistol. McGee did not see the pistol, but he corroborates Bothwell in regard to the statements made by Bothwell in regard to appellant having a pistol at the time, which, so far as the State's evidence was concerned, was not denied. Appellant swore to the contrary. This court is not authorized to reverse a judgment for want of sufficient evidence if the facts show a case. That is a matter for the jury.

As the record is presented, we think the judgment ought to be affirmed and it is accordingly so ordered.

*Affirmed.*

Henderson, Judge, absent.

ON REHEARING.

January 22, 1908.

DAVIDSON, PRESIDING JUDGE.—At the Tyler term the judgment in this case was affirmed. Motion for rehearing had been filed and a reconsideration of the case requested. It seems that the errors claimed to have been made by the court in affirming the case largely grew out of

the fact that the application for continuance was treated as a second and not a first application, and contention is made that the opinion is incorrect in so treating the case, and that as a fact it was a first application. We have reviewed that question and are still of the opinion that it is a second application as is made to appear by the transcript, bills of exception and qualifications of the judge. It is true appellant states in his application that it is a first application for a continuance. Finishing the application as to the substantial matters, it is thus closed before being sworn to by appellant: "The premises considered, this defendant prays the court and now moves the court to grant this, his first application for continuance, which application he makes with all the requirements which are embraced in a second application, and which he asks the court to consider as a second application should it hold that he is chargeable with any continuance heretofore, and the defendant prays and moves the court to continue this cause to the next term of this honorable court." This is an excerpt from the closing part of defendant's application. The court signing this qualifies it as follows: "This was the second application for continuance of this case by the defendant, and the court not being a party to any contract, understanding or agreement, defendant's counsel may have had with the county attorney outside of court or elsewhere. This case was set for trial on October 14th for October 28th, on said last date same was set over to afternoon of the 29th, and at this date case was reset for the 30th. Witnesses Gregory and Crews and negro girl, Clemie Muse, were neither present in court on Monday, 28th, nor on the 29th, although defendant's counsel and defendant both knew of said witnesses' absence, asked for no process to compel their attendance and made no effort to get them or either of them. Witnesses resided, Clemmie Muse, within six or seven miles of courthouse; and Gregory and Crews about thirteen or fourteen miles of same. No application was made for attachment for these witnesses at any time. Testimony of witness McGee shows that he was near defendant, and had better opportunity to see defendant at the time he is charged with having the pistol than either of the witnesses Gregory or Crews; their testimony would be simply cumulative and circumstantial." (Signed by the county judge.)

The witness, Muse, was not present at the time and place where the pistol should have been exhibited, and her testimony was expected to show that appellant's pistol was at home where he and she resided at the time appellant should have had the pistol at the point designated by the State's testimony. In the absence of the statement or qualification of the trial judge, it is somewhat doubtful as to whether this would have been a first or second application; but the judge qualifies it, making it a second application. The qualification of a judge to a bill of exceptions will control in the absence of a contest by appellant in the form of a bill by bystanders. Whenever a bill of exceptions is accepted by the party taking it, as qualified by the judge, the qualifications will be considered as controlling the statement in the main portion of the bill. We,

therefore, are still of the opinion as this record presents this matter, the application was a second and not the first application. The second application is governed by entirely different rules from that with reference to the first. Viewing this in the light of the record, we are still of the opinion that the testimony is cumulative, and as stated heretofore, rather circumstantial.

The motion for rehearing is overruled.

*Overruled.*